IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

APRIL 1998 SESSION

FILED

August 7, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE ,                          §
      APPELLEE

                                  §

VS.                                           C.C.A. No. 01C01-9705-CC-00196

                            §    Williamson County
                                    Honorable Henry Denmark Bell

CHARLENE HARDISON,                            §
      APPELLANT                            (SENTENCING)

FOR THE APPELLANT                             FOR THE APPELLEE

Lionel Barrett, Jr.                           John Knox Walkup
Washington Square Two - Suite 417             Attorney General and Reporter
222 Second Avenue, North                          425 Fifth Avenue, North
Nashville, TN  37201                          Nashville, TN  37243
☐------

                                      Lisa A. Naylor
                                      Assistant Attorney General
                                      425 Fifth Avenue, North
                                        Nashville, TN  378243

                                      Derek Smith
                                        Assistant District Attorney General
                                        P. O. Box 937
                                        Franklin, TN  37065-0937

OPINION FILED:  _____

AFFIRMED AS MODIFIED

L. T. LAFFERTY, SPECIAL JUDGE

## OPINION

The defendant, Charlene Hardison, appeals of right from a ruling of the Williamson County Criminal Court in which the trial court imposed a sentence of six (6) months confinement in the Williamson County Jail for the offense of driving on a revoked license. Also, the Williamson County Criminal Court consolidated an appeal of the defendant for violation of probation from the Williamson County General Sessions Court. After a sentencing hearing, the trial court upheld the judgment of the General Sessions Court and ordered the defendant to serve six (6) months, less forty-five (45) days credit, as per her plea of guilty, to run concurrently with the sentence for driving on a revoked license. After a review of the entire record, briefs of the parties and applicable law, we affirm the trial court's judgment as to the revocation of probation, but remand the sentences as modified.

## Background

The record reveals that the Williamson County Grand Jury, on July 8, 1996, indicted the defendant for driving on revoked license on March 30, 1996. On January 21, 1997, the defendant entered a plea of guilty to driving on a revoked sentence before the Williamson County Criminal Court with all issues to be determined at a sentencing hearing. The defendant nor the State submitted a transcript of guilty plea proceedings for driving on a revoked license. The trial court set a sentencing hearing for March 17, 1997. Also, the trial court consolidated an appeal in which the Williamson County General Sessions revoked a period of probation granted to the defendant for the conviction of driving under the influence of alcohol on February 9, 1994.

As to the facts surrounding the appeal of the General Sessions Court revoking the defendant's probation, the record establishes that on February 9, 1994, the defendant entered a negotiated reduced plea of guilty to driving under the influence of alcohol as a first offender, from an orginial charge for a second

offense. The General Sessions Court imposed a fine of $1,000, six (6) months confinement, at 75%, in the Williamson County jail, the defendant to serve forty-five (45) days, given jail credit for eighteen (18) days treatment and serve the balance of twenty-seven (27) days on weekends, and probation for eleven (11) months, twenty-nine (29) days to expire February 9, 1995. On October 31, 1994, an amended probation order was entered incorporating the special conditions of February 9th and adjustment of probation fees. The expiration date was extended from February 9, 1995, to February 9th, 1996. On May 31, 1995, the General Sessions Court issued an arrest warrant for the defendant for a violation of probation. The defendant was alleged to have not paid any probation fees, nor completed the balance of her jail time on weekends. On June 11, 1996, the General Sessions Court revoked the defendant's probation and she was ordered to serve the balance of her six (6) month sentence, less credits. This judgment the defendant appealed to the Williamson County Criminal Court.

At the sentencing hearing, the trial court rejected the defendant's request for an alternative sentence, such as probation, and followed the State's recommendation that the defendant's two six (6) month sentences run concurrent, less credit for forty-five (45) days in the violation of probation. The trial court stated: "that's fair, I approve-- I sentence her in accordance with that."

From a review of this record, it is somewhat difficult for this Court to determine exactly what the trial court ruled as to the request for probation/alternative sentences for the conviction of driving on a revoked license. A reasonable interpretation, from a review of the judgment order, is the trial court denied any alternative relief. Collaterally, what is the standard of review for a criminal court when a defendant appeals the judgment of a general sessions court revoking probation?

In *State v Cunningham* No. 02C01-9709-CC-00336, at Jackson, April 21, 1998, Judge Joe Riley, author, held that the standard of review for the criminal court is de novo in appeals of revocation of probation by a general sessions court or municipal court. TCA 27-5-108 (c).

Although the trial court did not conduct a *de novo* hearing in the appeal of revocation of probation, the defendant in her testimony admitted there were grounds for the general sessions court to revoke her probation. We will now move to the questions of a proper sentence for the defendant.

## Sentencing Considerations

When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 4-0-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d). This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v Ashby,* 823 S.W.2d 166 (Tenn 1991).

In arriving at a proper sentence, the trial court must consider the specific procedures of Tenn. Code Ann. § 40-35-210. (1) The evidence, if any, received at trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) any statement the defendant wishes to make in his or her own behalf about sentencing.

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the trial court is required to allow the parties a reasonable opportunity to be heard on the question of the length of the sentence and the manner in which it is to be served. Tenn. Code Ann. § 40-35-302 (a). The

sentence must be specific and consistent with the purpose and principles of the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-302(b).

The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. *State v Davis,* No. 01C01-9202-CC-00062, Williamson County (Tenn. Crim App. Filed March 17, 1193 at Nashville). In addition, the trial court is required to fix the sentence at not greater than 75% so the defendant may be considered for "work release, furlough, and related rehabilitative programs." Tenn. Code Ann. § 40-35-302(d).

In the case under review, the trial court did not designate a percentage in the sentence for driving on a revoked license, but did in the appeal of the violation of probation at 75%. Since the sentences were ordered to be served concurrently, we will assume the percentage of 75% applies to both sentences.

### Sentencing Hearing

Since the trial court was somewhat limited in its ruling as to alternative sentences, we will conduct a *de novo* review without a presumption of correctness. Based on the evidence at the sentence hearing and the pre-sentence report the defendant has had a rather disruptive life beginning in 1991, primarily due to alcohol abuse. The pre-sentence report indicates the defendant has several arrests for assaults, public intoxication and malicious mischief, all of which were retired or dismissed. The defendant admitted to being arrested four (4) times for driving under the influence of alcohol; (1) convicted for DUI, September 9, 1992; (2) convicted for DUI, February 9, 1994 (this case) (3) an arrest for DUI January 29, 1992 reduced to reckless driving and (4) a pending DUI and driving on revoked license offenses pending for a sentencing hearing in the Probate Court of Davidson County, March 31, 1997. Apparently, while on probation from the conviction of driving under the influence of alcohol in February, 1994, the defendant committed the offense of driving on a revoked license on March 31, 1996, leading to her conviction. Unfortunately, the

defendant was arrested May 17, 1996, in Davidson County for driving under the influence of alcohol.

As to the revocation of probation, the defendant admitted that she failed to complete her weekend days as ordered by the court. She failed to complete this confinement period due to being scared about being confronted with the possibility of homosexual threats. The defendant admitted she failed to report to her probation officer as directed, but was unaware she had to report in person.

To resolve her problem with alcohol, the pre-sentence report reveals the defendant entered an alcohol treatment program in 1994 at Cumberland Heights in Nashville. Also, the defendant since her arrest in May, 1996, re-entered, in September, 1996, an alcohol treatment at Cumberland Heights. Apparently, this treatment center did not recommend in-patient treatment by them, but suggested extensive out-patient treatment. Whereupon, the defendant entered a program sponsored by Tennessee Christian Center. The defendant was in an in-patient program for fourteen (14) days. As part of her recovery, the defendant attends AA meetings on a regular basis, and has not consumed any alcohol since June, 1996.

The defendant accounts her turn-around on a conversation with an inmate in the Williamson County jail. The inmate was incarcerated for killing a person in an accident involving alcohol. According to the defendant this had a profound affect on her, she must control this problem or she would hurt herself or others. The defendant's boyfriend, David Moneypacker, corroborated the defendant's testimony about her not drinking since June, 1996 and her endeavors to face her alcohol problems.

The defendant would urge this Court that some conditions, in its *de novo* review, would satisfy probation. The State counters that the defendant is not entitled to any consideration of probation. The power to suspend a sentence

and imposition of a sentence is within the sole discretion of the trial court. *Stiller v State,* S. W.2d 617 (Tenn. 1974). Probation is a privilege to be conferred after a determination of the circumstances of the offense, the defendant's criminal record, his social history, his present condition, and where appropriate, his mental and physical condition. *Id.* This criteria must, also, be considered within the requirements of the Sentencing Act of 1989.

After a careful review of the evidence in this cause, we find the trial court was correct in finding the defendant violated her conditions of probation imposed by the Williamson General Sessions Court. However, we would remand the causes to the Williamson Criminal Court for orders to be entered reflecting that the defendant be confined for six (6) months for the offenses of driving on a revoked license and driving under the influence of alcohol (General Sessions judgment), payment of a fine $1,000, the defendant to serve ninety (90) days, continuous confinement, less appropriate credits, and placed on probation for eleven (11) months, twenty-nine (29) days concurrently, subjected to whatever conditions the trial court deems reasonable.

_____
L. T. Lafferty, Special Judge

CONCUR:

_____
Gary R. Wade, Presiding Judge

_____
Thomas T. Woodall, Judge